JASON A. GELLER (SBN 168149)
Email:  jgeller@fisherphillips.com
VINCENT J. ADAMS (SBN 249696)
Email:  vadams@fisherphillips.com
FISHER & PHILLIPS, LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111
Telephone:  (415) 490-9000
Facsimile:   (415) 490-9001

Attorneys for Defendants
AYTU BIOSCIENCE, INC., JOSH DISBROW,
and JARRETT DISBROW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DAVID JAEKEL, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>AYTU BIOSCIENCE, INC., a Delaware corporation; JOSH DISBROW, an individual; JARRETT DISBROW, an individual; RICK NORD, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No:<br><br>**APPENDIX OF STATE COURT PLEADINGS**<br><br>*[Filed Concurrently with Notice of Removal of Action; Declaration of Vincent J. Adams; Declaration of Jarrett Disbrow; Declaration of Joshua Disbrow; Certificate of Interested Parties; and Civil Cover Sheet]*<br><br>*[Removed from San Francisco Superior Court, Civil Case No.: CGC-19-581302]*<br><br>Action Filed:    December 4, 2019<br>Removal Date:   January 15, 2020<br>Trial Date:      None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Attached hereto is the appendix of state court pleadings filed concurrently with Defendants Aytu Bioscience, Inc., Josh Disbrow, and Jarrett Disbrow's Notice of Removal of Action to the United States District Court for the Northern District of California pursuant to 28 U.S.C.§ 1332(a) and 28 U.S.C. § 1446(b).

| EXHIBIT NO. | DESCRIPTION |
|---|---|
| A | Summons |
| B | Complaint |
| C | Civil Case Cover Sheet |
| D | Notice of Case Management Conference |
| E | Alternative Dispute Resolution Information Package |
| F | Stipulation to Alternative Dispute Resolution |
| G | Proof of Service of Summons |
| H | State Court Answer |

Dated: January 15, 2020                         FISHER & PHILLIPS, LLP

By:       /s/ Vincent J. Adams
JASON A. GELLER
VINCENT J. ADAMS
Attorneys for Defendants
AYTU BIOSCIENCE, INC., JOSH
DISBROW, and JARRETT DISBROW

2
APPENDIX OF STATE COURT PLEADINGS
FP 36945713.1

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** AYTU BIOSCIENCE, INC., a Delaware corporation
*(AVISO AL DEMANDADO):* ; JOSH DISBROW, an individual; JARRETT
DISBROW, an individual; RICK NORD, an individual; and DOES 1 through 50,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ROBERT DAVID JAEKEL, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Francisco
400 McAllister Street
San Francisco, California  94102-4515

CASE NUMBER
*(Número del Caso):*
CGC-19-581302

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Matthew J. Matern; Joshua D. Boxer; Corey B.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matern Law Group, PC
1230 Broadway, Suite 428, Oakland, CA 94612                    (510) 227-3998

DATE:                                         Clerk, by                                    , Deputy
*(Fecha)*  DEC 0 4 2019  **CLERK OF THE COURT**  *(Secretario)*  DE LA VEGA NAVARRO, Rossaly  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS** 

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

EXHIBIT A
Page 1 of 1

# EXHIBIT B

1  **MATERN LAW GROUP, PC**
   MATTHEW J. MATERN (SBN 159798)
2  JOSHUA D. BOXER (SBN 226712)
   1230 Rosecrans Avenue, Suite 200
3  Manhattan Beach, California 90266
   Telephone: (310) 531-1900
4  Facsimile:  (310) 531-1901

5  **MATERN LAW GROUP, PC**
   COREY B. BENNETT (SBN 267816)
6  ELIZABETH A. MEDRANO (SBN 323742)
   1330 Broadway, Suite 428
7  Oakland, California 94612
   Telephone: (510) 227-3998
8  Facsimile:  (310) 531-1901

9  Attorneys for Plaintiff
   ROBERT DAVID JAEKEL
10

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    FOR THE COUNTY OF SAN FRANCISCO

14
   ROBERT DAVID JAEKEL, an individual,        CASE NO.: CGC-19-581302
15
                Plaintiff,
16                                            **COMPLAINT FOR:**
        vs.
17                                            1. Whistleblower Retaliation [Cal. Lab. Code
   AYTU BIOSCIENCE, INC., a Delaware             § 1102.5];
18 corporation; JOSH DISBROW, an individual;  2. Retaliation [Cal. Lab. Code § 98.6]
   JARRETT DISBROW, an individual; RICK       3. Failure to Take Steps Necessary to Prevent
19 NORD, an individual; and DOES 1 through        Sexual Harassment and/or Retaliation In
   50, inclusive,                                Violation of Cal. Gov't Code § 12940(k);
20                                            4. Retaliation in Violation of Cal. Gov't Code
                Defendants.                      § 12940(h)
21                                            5. Wrongful Termination In Violation of
                                                Public Policy;
22                                            6. Defamation;
                                             7. Intentional Infliction of Emotional
23                                              Distress;
                                             8. Failure to Pay All Wages Due to
24                                              Discharged Employees.

25                                           **DEMAND FOR JURY TRIAL**

26

27

28
                                -1-
                              COMPLAINT

F I L E D
San Francisco County Superior Court

DEC 0 4 2019

CLERK OF THE COURT
BY: _____
          Deputy Clerk

**NATURE OF THE ACTION**

1.     Plaintiff ROBERT DAVID JAEKEL ("PLAINTIFF"), an individual, demanding a jury trial, brings this action against Defendants AYTU BIOSCIENCE, INC., a Delaware corporation; Josh Disbrow, an individual; Jarrett Disbrow, an individual; Rick Nord, an individual; and DOES 1 through 50, inclusive (collectively, "DEFENDANTS"), to remedy DEFENDANTS' employment practices and policies of retaliation for reporting DEFENDANTS' unlawful business practices, failure to prevent harassment, wrongful termination in violation of public policy, defamation, intentional infliction of emotional distress, failure pay all wages due to discharged employees, failure to pay all wages due upon termination, and other unlawful and tortious conduct. PLAINTIFF seeks compensatory damages, punitive damages, injunctive relief, attorneys' fees, and costs.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction in this matter because PLAINTIFF is a resident and a citizen of the State of California and DEFENDANTS regularly conduct business in the State of California. Further, no federal question is at issue because the claims are based solely on California law.

3.     Venue is proper in the County of San Francisco, California because PLAINTIFF performed work for DEFENDANTS in the County of San Francisco, and DEFENDANTS' unlawful actions and omissions, set forth herein, occurred in the County of San Francisco.

**PLAINTIFF**

4.     PLAINTIFF is a male resident and citizen of the State of California. PLAINTIFF was employed by DEFENDANTS between in or about 2016 until on or about October 28, 2019.

**DEFENDANTS**

5.     On information and belief, PLAINTIFF alleges that Defendant AYTU BIOSCIENCE, INC. ("AYTU") is and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that AYTU is authorized to conduct business in the State of California and does conduct business in the State of California. Specifically, upon information and belief, AYTU

-2-
COMPLAINT

1 | conducts business in the County of San Francisco.

2 |      6.    PLAINTIFF is informed and believes, and based thereon alleges, that Defendant
3 | RICK NORD ("NORD") is a male resident of the State of Colorado.  At all times relevant herein,
4 | NORD was a Director of Sales that served in various roles at AYTU, including in analytics and as
5 | interim sales director.  Additionally, NORD acted within the course and scope of his employment
6 | and/or as an agent of DEFENDANTS during the events described herein, unless alleged otherwise.

7 |      7.    PLAINTIFF is informed and believes, and based thereon alleges, that Defendant
8 | JOSHUA DISBROW ("JOSH DISBROW") is a male resident of the State of Colorado.  At all times
9 | relevant herein, JOSH DISBROW was the Chairman and Chief Executive Officer of AYTU.
10 | Additionally, JOSH DISBROW acted within the scope of his employment and/or as an agent of
11 | DEFENDANTS during the events described herein, unless alleged otherwise.

12 |      8.    PLAINTIFF is informed and believes, and based thereon alleges, that Defendant
13 | JARRETT DISBROW ("JARRETT DISBROW") is a male resident of the State of Colorado.  At
14 | all times relevant herein, JARRETT DISBROW was the Chief Operating Officer of AYTU.
15 | Additionally, JARRETT DISBROW acted within the scope of his employment and/or as an agent
16 | of DEFENDANTS during the events described herein, unless alleged otherwise.

17 |      9.    The true names and capacities of Defendant DOES 1 through 50, inclusive, are
18 | unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such Defendants under
19 | fictitious names.  PLAINTIFF is informed and believes, and thereon alleges that each Defendant
20 | designated as a DOE is responsible in some manner for the events and happenings referred to herein,
21 | and legally caused the injuries and damages alleged in this Complaint.  PLAINTIFF will seek leave
22 | of the court to amend this Complaint to allege their true names and capacities when ascertained.

23 | **EXHAUSTION OF REMEDIES**

24 |      10.    PLAINTIFF has fully exhausted all applicable administrative remedies and received
25 | his Right to Sue notice from the California Department of Fair Employment and Housing on
26 | November 21, 2019.

27 | \\

28 | \\

EXHIBIT B
Page 3 of 19

1

**FACTUAL ALLEGATIONS**

2       11.    In 2016, PLAINTIFF commenced employment with AYTU as an Area Sales

3 Director-West. In this role, PLAINTIFF built and supervised a team of pharmaceutical sales

4 representatives that targeted providers in California, Colorado, Arizona, Washington, and Nevada.

5       12.    According to its website, AYTU is "an emerging specialty pharmaceutical company

6 focused on commercializing novel products that address significant patient needs" and is

7 "committed to better health for men, women, and children here at home and worldwide."

8       13.    AYTU's product portfolio includes Natesto, the only FDA-approved intranasal

9 testosterone replacement therapy, and ProstaScint (capromab pendetide), the only FDA-approved

10 imaging agent specific to prostate specific membrane antigen for prostate cancer detection and

11 staging.

12       14.    PLAINTIFF was an award-winning salesperson and a high-performing employee at

13 all times relevant to this complaint.

14       15.    However, PLAINTIFF was subjected to a pattern of retaliation by JOSH DISBROW

15 and JARRETT DISBROW in effort to silence and punish him for reporting unlawful, unethical, and

16 dangerous practices.

17       16.    In or around November 2016, PLAINTIFF was at a GE Health Carmpi Pharmacy in

18 Sacramento, California, when he discovered cloudy ProstaScint—a tell-tale sign that it was expired.

19 However, the expiration dates appeared to have been back-dated for sale to providers and, in turn,

20 the general public—not merely in Sacramento, but throughout California and the United States.

21       17.    PLAINTIFF called Eric Lambright, Sales Director-West at the time, to report this

22 unlawful and potentially unsafe conduct. Lambright confessed that he and others at AYTU were

23 aware of a practice of back-dating expired product, but claimed that the illegal practice had ceased.

24       18.    PLAINTIFF later texted RICK NORD, who was also aware of the illegal practice.

25 In fact, when PLAINTIFF mentioned that it was a "big no no," NORD replied, "Um, yeah… and I

26 sat in meetings where they just said relabeled (sic) it."

27       19.    During that same text message exchange, PLAINTIFF mentioned the back-dated

28 ProstaScint and that Lambright and Brennan Fulkerson, the Sales Director-East at the time, thought

EXHIBIT B
Page 4 of 19

1 they could "right the ship." NORD replied that they did not have the power. "I watched them get
2 overridden.. it didn't matter," he wrote.

3     20.    PLAINTIFF further complained about Matt Zaifert, a Sales Representative in North
4 Carolina, who was selling ProstaScint to females and unlawfully writing cash prescriptions.
5 However, reporting it in two Area Sales Director meetings had no effect. NORD said he eventually
6 "had to put [his] foot down" when he discovered it was 34 cash prescriptions and noted there were
7 "tons" of female prescriptions.

8     21.    In 2016 and 2017, PLAINTIFF became aware that AYTU's sales representatives—
9 specifically, Zaifert and Christina Mayo, a Sales Representative in South Carolina—had detailed
10 Natesto as appropriate for females in North Carolina and South Carolina. This practice of selling to
11 female customers outside of the scope of FDA approval would yield approximately $150 per
12 prescription.

13     22.    Additionally, PLAINTIFF learned of an unlawful kickback scheme dubbed "30 Days
14 for Free." Specifically, he learned that Zaifert was soliciting providers to write him prescriptions,
15 which he would have filled at friendly pharmacies—boosting sales incentive multipliers and
16 yielding $200 or more per prescription. By paying providers $150 for each prescription, Zaifert and,
17 on information and belief, other Sales Representatives, would pocket the difference.

18     23.    On a weekly basis throughout PLAINTIFF's employment, NORD circulated
19 personal Excel spreadsheets containing unsecured patient information in violation of the Health
20 Insurance Portability and Accountability Act ("HIPAA"). Plaintiff informed his manager, Kevin
21 Weaver, and other managers in at least two meetings, but was advised to mind his own business.

22     24.    In late 2017, PLAINTIFF learned that an Arizona Sales Representative had forged
23 doctors' signatures on documents. PLAINTIFF immediately sought to have her fired, but was
24 overruled by NORD. PLAINTIFF later discovered that NORD and the Sales Representative had a
25 romantic relationship, as NORD had shown nude photos to two Sales Representatives, Chris Martin
26 and David Stein.

27     25.    Around this time, PLAINTIFF won a President's Club award for his outstanding
28 performance in 2017.

-5-
COMPLAINT

1   26.   After PLAINTIFF's failed effort to oust the Arizona Sales Representative, NORD

2   retaliated by demoting him to Sales Representative and assigning him the largest territory among

3   AYTU's sales representatives—requiring 12-hour work days and approximately 3,000 to 4,000

4   miles of driving per month between Reno, Fresno, the San Francisco Bay Area, Northern California,

5   and everything in between.

6   27.   NORD hired one of his friends, David Gjerdevig, to replace PLAINTIFF as Sales

7   Manager in or around January 2018.

8   28.   In or around June 2018, PLAINTIFF attended AYTU's National Sales Meeting and

9   award ceremony. After the ceremony, employees were socializing in a bar. PLAINTIFF saw a

10  female Sales Representative sitting with NORD in an alcove. PLAINTIFF approached intending to

11  congratulate her on her award when NORD suddenly and aggressively grabbed her by the crotch.

12  She recoiled and looked stunned.

13  29.   The next day, PLAINTIFF reported the sexual assault and battery to Gary Kaiser,

14  Senior Marketing Director, who admitted that NORD had gotten into trouble the night before

15  entertaining representatives in his hotel room. PLAINTIFF also reported the incident to Alison

16  Sarver, Director of Training, and Kristi McGrael (now Kristi Bruce), Director of Operations.

17  PLAINTIFF is informed and believes, and thereon alleges, that Sarver and McGrael confirmed the

18  story with the victim.

19  30.   PLAINTIFF is informed and believes, and thereon alleges, that Kaiser, Sarver,

20  and/or McGrael relayed the complaint to Human Resources. However, neither PLAINTIFF nor the

21  victim were ever contacted or interviewed by Human Resources.

22  31.   NORD continued to work at AYTU for approximately six more months until his

23  termination.

24  32.   PLAINTIFF is informed and believes, and thereon alleges, that NORD was never

25  informed about the complaint against him because he never mentioned it to PLAINTIFF and

26  continued to share incriminating information via text message for more than a year after the incident.

27  33.   When Gjerdevig was fired in March 2019, he told PLAINTIFF to watch his back

28  because JARRETT DISBROW was "out to get him" after PLAINTIFF's frequent complaints of

1  AYTU's illegal practices. Gjerdevig also revealed that he had been given the impression from
2  management that PLAINTIFF had voluntarily reassigned himself to Sales Representative when, in
3  fact, PLAINTIFF had been demoted in retaliation for blowing the whistle on unlawful conduct.

4      34.    Gjerdevig was succeeded by Steve Kluck, who texted PLAINTIFF on July 30, 2019
5  that JARRETT DISBROW was creating a "routing path to termination"—essentially setting up
6  PLAINTIFF to fail by setting impossible weekly meeting goals (i.e. 60 doctor's meetings per week)
7  and quotas in a massive territory that took seven hours to drive end-to-end.

8      35.    Despite such a difficult sales route and sales quotas, PLAINTIFF consistently
9  exceeded expectations and continued to be a top-performing Sales Representative.

10      36.    In or around April 2019, PLAINTIFF complained to management about inaccurate
11  calculations that affected his sales commissions. Specifically, PLAINTIFF ran 108 prescriptions
12  through Quality Specialty Pharmacy, but AYTU only accounted for 33. When PLAINTIFF asked
13  for the pharmacy data, he was told there would be no adjustments and to "just be happy" with what
14  he did get.

15      37.    On several occasions in 2019, PLAINTIFF also complained to management about
16  the lowered mileage reimbursement rates for Sales Representatives.  AYTU used the company
17  Favor to track Sales Representatives' mileage which, due to PLAINTIFF's enormous territory, led
18  to a reimbursement rate less than that set by the Internal Revenue Service (i.e. $0.58/mile).

19      38.    On or about October 4th 2019, after AYTU failed to take his complaints seriously
20  and failed to remedy the situation, PLAINTIFF filed a complaint with the Division of Labor
21  Standards Enforcement ("DLSE") concerning his improperly paid commissions and mileage
22  reimbursement rates.  PLAINTIFF also filed a complaint with the Equal Employment Opportunity
23  Commission ("EEOC") to report the pattern of retaliation he was experiencing.

24      39.    On October 19, 2019, PLAINTIFF told Sean Mangleson, the new Director of Sales,
25  about Kluck's July 30th text message informing him of JARRETT DISBROW's plan to have him
26  fired.

27      40.    On October 28, 2019, PLAINTIFF was driving to Walnut Creek for work when he
28  received an email from Minda Carmann, a human resources specialist at AYTU, with "separation

1  agreement" in the subject line. PLAINTIFF texted Mangleson who advised PLAINTIFF to go

2  home—terminating his employment.

3       41.    At the time of termination, AYTU failed to pay PLAINTIFF all wages owed.

4       42.    Instead, AYTU sought to silence PLAINTIFF—effectively withholding wages

5  unless and until he signed a severance agreement. PLAINTIFF refused to sign.

6       43.    On November 14, 2019, PLAINTIFF's counsel emailed Carmann and advised her of

7  AYTU's continued failure to pay all wages owed, including commissions and bonuses. Neither

8  Carmann nor anyone else at AYTU has responded to date and PLAINTIFF has yet to receive all

9  wages owed.

10      44.    On November 24, 2019, NORD and PLAINTIFF exchanged text messages in which

11 NORD confessed, "The whole potential manipulation of quarterlies (by me) so Josh [DISBROW]

12 could raise money.. kind of annoyed me."

13                        **INJURIES TO PLAINTIFF**

14      45.    As a direct and proximate result of the foregoing unlawful and malicious acts of

15 DEFENDANTS, PLAINTIFF has suffered, and will continue to suffer, great mental and emotional

16 anguish.  Additionally, PLAINTIFF has been humiliated and embarrassed, and suffered harm to his

17 reputation, substantial lost wages and economic damages, and other harm as a result of the foregoing

18 acts and omissions of DEFENDANTS.

19      46.    As a further direct and proximate result of the foregoing unlawful and malicious acts

20 of DEFENDANTS, PLAINTIFF has suffered monetary damages in an amount subject to proof at

21 trial.

22                        **FIRST CAUSE OF ACTION**

23                          **Whistleblower Retaliation**

24                        **[Cal. Lab. Code § 1102.5(b)]**

25                          **(Against All Defendants)**

26      47.    PLAINTIFF incorporates, by specific reference as though fully set forth herein, the

27 allegations in the foregoing paragraphs.

28      48.    At all relevant times herein, California Labor Code § 1102.5 was in full force and

                                -8-
                              COMPLAINT

effect and was binding on DEFENDANTS. Section 1102.5(b), in pertinent part, provides:

> [a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

49.     As alleged herein, PLAINTIFF complained to his supervisors about DEFENDANTS' violations of state and federal laws and regulations governing the labeling, marketing, and sale of pharmaceutical products, violations of the California Labor Code, NORD's sexual battery, and other statutory violations and illegal practices.

50.     As a direct and proximate result of DEFENDANTS' unlawful acts, practices, and omissions, PLAINTIFF has suffered damages in an amount subject to proof at trial. PLAINTIFF claims such amount as damages together with prejudgment interest thereon pursuant to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for prejudgment interest.

51.     As a direct and proximate result of DEFENDANTS' unlawful acts, practices, and omissions, and inasmuch as DEFENDANTS are corporations or limited liability companies, PLAINTIFF seeks civil penalties against DEFENDANTS pursuant to California Labor Code § 1102.5(e), which provides in pertinent part: "[i]n addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section."

52.     By engaging in the aforementioned unlawful acts, practices, omissions, and by condoning and ratifying such acts by failing to properly investigate and adequately discipline the perpetrators of these practices and omissions, DEFENDANTS intended to cause injury to PLAINTIFF. DEFENDANTS' intentional and injurious conduct toward PLAINTIFF was reckless, malicious, and despicable, and was carried out with a conscious and willful disregard of the rights

EXHIBIT B
Page 9 of 19

1  and safety of others. Therefore, PLAINTIFF seeks an award of punitive damages, sufficient to

2  punish DEFENDANTS and to serve as an example to deter them from similar conduct in the future.

3  PLAINTIFF claims such amount as damages together with prejudgment interest thereon pursuant

4  to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for

5  prejudgment interest.

6  ## SECOND CAUSE OF ACTION

7  ### Retaliation

8  ### [Cal. Lab. Code § 98.6]

9  ### (Against All DEFENDANTS)

10  53.   PLAINTIFF incorporates herein by specific reference as though fully set forth the

11  allegations in the foregoing paragraphs.

12  54.   Labor Code section 98.6, subdivision (a) states that a "person shall not discharge an

13  employee or in any manner discriminate, retaliate, or take any adverse action against any employee

14  ... because the employee engaged in any conduct delineated in this chapter" involving the Division

15  of Labor Standards Enforcement, "because the employee ... filed a bona fide complaint or instituted

16  or caused to be instituted any proceeding under or relating to his or her rights under the jurisdiction

17  of the Labor Commissioner" or because the employee "made a written or oral complaint that he or

18  she is owed unpaid wages...."

19  55.   In terminating his employment, DEFENDANTS unlawfully retaliated against

20  PLAINTIFF for seeking payment of unpaid wages and/or exercising rights afforded to him,

21  including but not limited to, the right to seek payment of unpaid wages.

22  56.   PLAINTIFF filed a timely complaint with the DLSE.

23  57.   PLAINTIFF'S conduct constitutes protected activities under California Labor Code

24  § 98.6.

25  58.   DEFENDANTS had direct knowledge of PLAINTIFF'S protected activities.

26  59.   DEFENDANTS took adverse action against PLAINTIFF by terminating his

27  employment mere weeks after the filing of his complaint, and subsequently withheld all wages owed

28  upon termination.

-10-
COMPLAINT

1        60.     DEFENDANTS' adverse actions against PLAINTIFF was the direct result of

2 PLAINTIFF engaging in protected activities. PLAINTIFF has made multiple requests to

3 DEFENDANTS for payment of his wages, including commissions and mileage reimbursements. In

4 response, DEFENDANTS terminated PLAINTIFF'S employment.

5        61.     By engaging in the aforementioned unlawful acts, practices, omissions, and by

6 condoning and ratifying such acts by failing to properly investigate and adequately discipline the

7 perpetrators of these practices and omissions, DEFENDANTS intended to cause injury to

8 PLAINTIFF. DEFENDANTS' intentional and injurious conduct toward PLAINTIFF was reckless,

9 malicious, and despicable, and was carried out with a conscious and willful disregard of the rights

10 and safety of others. Therefore, PLAINTIFF seeks an award of punitive damages, sufficient to

11 punish DEFENDANTS and to serve as an example to deter them from similar conduct in the future.

12 PLAINTIFF claims such amount as damages together with prejudgment interest thereon pursuant

13 to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for

14 prejudgment interest.

15                          **THIRD CAUSE OF ACTION**

16       **Failure to Take Steps Necessary to Prevent Sexual Harassment and/or Retaliation**

17                       **[Cal. Gov't Code § 12940(k)]**

18                           **(Against Defendant Aytu)**

19        62.     PLAINTIFF incorporates herein by specific reference as though fully set forth the

20 allegations in the foregoing paragraphs.

21        63.     At all relevant times, California Government Code § 12940 provided that "[i]t is an

22 unlawful employment practice . . . (k) [f]or an employer . . . to fail to take all reasonable steps

23 necessary to prevent . . . harassment from occurring."

24        64.     As set forth above, AYTU's acts and omissions constitute violations of the California

25 Government Code § 12940(k), in that it failed to take necessary steps to prevent harassment, and

26 retaliation. PLAINTIFF filed a complaint with the California Department of Fair Employment and

27 Housing, and received a right to sue letter on November 21, 2019. AYTU failed to take all steps

28 necessary to prevent such harassment and retaliation from occurring.

-11-

COMPLAINT

1    65.    By reason of AYTU's unlawful acts, practices and omissions, PLAINTIFF has

2  suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an

3  amount subject to proof at trial.  PLAINTIFF claims such amount as damages together with pre-

4  judgment interest thereon pursuant to California Civil Code §§ 3287, 3288 and any other applicable

5  provision providing for prejudgment interest.

6    66.    PLAINTIFF will also seek the costs and expenses of this action, including reasonable

7  attorneys' fees pursuant to the California Fair Employment and Housing Act and California public

8  policy.

9                        **FOURTH CAUSE OF ACTION**

10                              **Retaliation**

11                         **[Cal. Gov't Code § 12940(h)]**

12                          **(Against Defendant Aytu)**

13    67.    PLAINTIFF incorporates by specific reference, as though fully set forth herein, the

14  factual allegations in the foregoing paragraphs.

15    68.    At all relevant times, California Government Code § 12940 provided that that "[i]t

16  is an unlawful employment practice . . . (h) [f]or any employer . . . or person to discharge, expel, or

17  otherwise discriminate against any person because the person has opposed any practices forbidden

18  under this or because the person has filed a complaint, testified, or assisted in any proceeding under

19  this part."

20    69.    As set forth above, AYTU's acts and omissions constitute violations of the California

21  Government Code § 12940(h).   AYTU retaliated against PLAINTIFF for reporting AYTU's

22  unlawful business practices and the sexual harassment and battery committed by NORD as

23  described above.  AYTU failed to investigate PLAINTIFF's report of NORD's sexual harassment

24  and failed to take all reasonable steps necessary to prevent such harassment from occurring.

25  PLAINTIFF filed a complaint with the California Department of Fair Employment and Housing,

26  and received a right to sue letter on November 21, 2019.

27    70.    By reason of AYTU's unlawful acts, practices and omissions, PLAINTIFF has

28  suffered monetary damages, humiliation, mental anguish, and physical and emotional distress, in an

                                  -12-

EXHIBIT B
Page 12 of 19

1    amount subject to proof at trial. PLAINTIFF claims such amount as damages together with pre-
2    judgment interest thereon pursuant to California Civil Code §§ 3287, 3288 and any other applicable
3    provision providing for prejudgment interest.

### FIFTH CAUSE OF ACTION

#### Wrongful Termination in Violation of Public Policy

#### (Against Defendant Aytu)

7        71.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the
8    allegations in the foregoing paragraphs.

9        72.    PLAINTIFF was employed by AYTU.

10       73.    PLAINTIFF was subjected to working conditions that violated public policy,
11   including violations of state and federal laws and regulations governing the labeling, marketing, and
12   sale of pharmaceutical products, violations of the California Labor Code, and other statutory
13   violations and illegal practices.

14       74.    DEFENDANTS knowingly created these working conditions and retaliated against
15   PLAINTIFF for reporting them by demoting PLAINTIFF, treating him less favorably than non-
16   complaining employees, and ultimately terminating his employment.

17       75.    PLAINTIFF's reporting and refusing to participate in DEFENDANTS' unlawful
18   business practices was a substantial motivating reason for PLAINTIFF's discharge.

19       76.    PLAINTIFF suffered harm, as set forth in this Complaint, including, but not limited
20   to monetary damages, humiliation, embarrassment, mental anguish, damage to reputation, and
21   physical and emotional distress, in an amount subject to proof at trial. PLAINTIFF claims such
22   amount as damages, together with pre-judgment interest under California Civil Code sections 3287
23   and 3288, and/or any other applicable provision of law providing for prejudgment interest.

24       77.    DEFENDANTS knew, or should have known, of DEFENDANTS' conduct and
25   failed to properly investigate, reprimand, terminate, or take an appropriate disciplinary action
26   against DEFENDANTS for their egregious conduct, thereby ratifying his actions. DEFENDANTS
27   engaged in the aforementioned unlawful acts, practices, and omissions and/or ratified such acts,
28   practices, and omissions. In doing so, DEFENDANTS engaged in intentional, reckless, willful,

EXHIBIT B
Page 13 of 19

1 oppressive, and malicious conduct, acted with willful and conscious disregard of PLAINTIFF's
2 rights, welfare, and safety, and caused great physical and emotional harm to PLAINTIFF. Therefore,
3 an award of punitive damages, sufficient to punish DEFENDANTS and to deter them and others
4 from similar conduct in the future, is appropriate. PLAINTIFF claims such amount as damages to
5 be determined at trial.

**SIXTH CAUSE OF ACTION**

**Defamation**

**(Against Defendants Josh Disbrow and Jarrett Disbrow)**

9      78.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the
10 factual allegations in the foregoing paragraphs.

11      79.    As described herein, PLAINTIFF is informed and believes, and thereon alleges, that
12 JOSH DISBROW and JARRETT DISBROW engaged in a smear campaign against him that was
13 designed to create the impression that he was dishonest, underperforming, and otherwise
14 undeserving of his position.

15      80.    Accordingly, they made false statements to Dave Gjerdevig and Steve Kluck to set
16 the stage for PLAINTIFF's termination knowing of their falsity and with the intent to damage
17 PLAINTIFF' reputation and/or shield the public from the truth about AYTU's illegal and dangerous
18 practices and procedures.

19      81.    Such statements are and were injurious to PLAINTIFF's personal and professional
20 reputation and standing in the community, and had (and has) a tendency to injure him.

21      82.    As a direct and proximate result of DEFENDANTS' defamatory conduct,
22 PLAINTIFF has and will suffer economic and emotional distress damages.

23      83.    Further DEFENDANTS' intentional and injurious conduct toward PLAINTIFF was
24 reckless, malicious, and despicable, and was carried out with a conscious and willful disregard of
25 PLAINTIFF's rights and reputation.  Therefore, PLAINTIFF seeks an award of punitive damages,
26 sufficient to punish and deter DEFENDANTS and to serve as an example to deter him from similar
27 conduct in the future.

28 \\

-14-

COMPLAINT

1

2

3

**SEVENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(Against All DEFENDANTS)**

4        84.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

5   factual allegations in the foregoing paragraphs.

6        85.    During all relevant times, NORD, JOSH DISBROW, and JARRETT DISBROW

7   were employed by AYTU and were acting in their capacity as senior management employees of

8   AYTU, such that AYTU is liable for their conduct. AYTU knew, or should have known, of NORD,

9   JOSH DISBROW, and JARRETT DISBROW's conduct and failed to properly investigate,

10  reprimand, terminate, or take appropriate disciplinary action against them for their harassing and/or

11  retaliatory conduct, thereby ratifying their actions.

12       86.    NORD, JOSH DISBROW, and JARRETT DISBROW's conduct, as set forth above,

13  were outrageous in that it was so extreme as to exceed all bounds of decency. Further,

14  DEFENDANTS' conduct would be regarded by any reasonable person as intolerable in a civilized

15  community.

16       87.    By engaging in the aforementioned conduct, NORD, JOSH DISBROW, and

17  JARRETT DISBROW knew that their conduct would likely result in harm due to mental distress.

18       88.    On information and belief, PLAINTIFF alleges that NORD, JOSH DISBROW, and

19  JARRETT DISBROW acted with the intent to cause PLAINTIFF emotional distress or, at

20  minimum, acted with reckless disregard of the probability that PLAINTIFF would suffer emotional

21  distress.

22       89.    By committing the outrageous and malicious acts and omissions alleged herein,

23  DEFENDANTS knew, or should have known, that such conduct would result in PLAINTIFF's

24  severe emotional distress. Moreover, DEFENDANTS' acts and omissions were perpetrated with

25  the intent of inflicting humiliation, mental anguish, and severe emotional distress upon PLAINTIFF.

26       90.    As a direct and proximate result of DEFENDANTS' unlawful acts, practices, and

27  omissions, PLAINTIFF has suffered severe emotional distress, in an amount subject to proof at trial.

28  PLAINTIFF claims such amount as damages together with prejudgment interest thereon pursuant

EXHIBIT B
Page 15 of 19

1  to California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for
2  prejudgment interest.

3       91.    DEFENDANTS engaged in the aforementioned unlawful acts, practices, and
4  omissions and/or ratified such acts, practices, and omissions. In doing so, Defendants NORD, JOSH
5  DISBROW, and JARRETT DISBROW engaged in intentional, reckless, willful, oppressive, and
6  malicious conduct, acted with willful and conscious disregard of PLAINTIFF's rights, welfare, and
7  safety, and caused great physical and/or emotional harm to PLAINTIFF. Therefore, an award of
8  punitive damages, sufficient to punish DEFENDANTS and to deter them and others from similar
9  conduct in the future, is appropriate. PLAINTIFF claims such amount as damages to be determined
10  at trial.

11                          **EIGHTH CAUSE OF ACTION**

12              **Failure to Pay All Wages Due to Discharged Employees**

13                  **[Cal. Lab. Code §§ 201, 202, 203, 558, 558.1]**

14        **(Against Defendants AYTU, JOSH DISBROW, and JARRETT DISBROW)**

15       92.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the
16  allegations in the foregoing paragraphs.

17       93.    DEFENDANTS have willfully failed to pay accurate wages and other compensation
18  to PLAINTIFF in accordance with California Labor Code § 201.

19       94.    JOSH DISBROW and JARRETT DISBROW were at all relevant times herein
20  owners, directors, officers, or managing agents of AYTU, as defined in California Labor Code §
21  558.1(b).

22       95.    As described herein, PLAINTIFF was not paid all of his sales commissions and
23  bonuses, was not properly reimbursed for all of the mileage incurred in the performance of his sales
24  duties, and, upon his termination on October 28, 2019, was not paid all wages owed.

25       96.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required
26  to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201
27  mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at
28  the time of discharge are due and payable immediately.

-16-
COMPLAINT

EXHIBIT B
Page 16 of 19

1     97.    California Labor Code § 203 provides that if an employer willfully fails to pay, in

2  accordance with California Labor Code § 201, any wages of an employee who is discharged, the

3  employer is liable for waiting time penalties in the form of continued compensation to the employee

4  at the same rate for up to 30 workdays.

5     98.    DEFENDANTS have willfully failed to pay accurate wages and other compensation

6  to PLAINTIFF in accordance with California Labor Code § 201.

7     99.    As a result, PLAINTIFF is entitled to all available statutory penalties, including the

8  waiting time penalties provided in California Labor Code § 203, together with interest thereon, civil

9  penalties under  California Labor Code § 558 and 558.1 as well as other available remedies.

10    100.   As a result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF has

11  been deprived of compensation in an amount according to proof at the time of trial, but in excess of

12  the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and

13  attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

14                        **PRAYER FOR RELIEF**

15    **WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

16    1.    For compensatory damages on PLAINTIFF's economic losses, deprivation of civil

17  rights, humiliation, physical anguish, and mental and emotional distress;

18    2.    For injunctive relief permanently enjoining DEFENDANTS and their agents,

19  employees and successors, and all persons in active conduct or participation with DEFENDANTS

20  from engaging in discriminatory and harassing practices;

21    3.    For an award of punitive and exemplary damages on each cause of action as

22  permitted by law;

23    4.    For civil penalties in the amount of ten thousand dollars ($10,000) for each violation

24  under Labor Code § 98.6;

25    5.    For an order purging from DEFENDANTS' files any reference to PLAINTIFF'S

26  unlawful termination, by a date to be determined by the Court, and to order DEFENDANTS to

27  notify PLAINTIFF in writing within three (3) days of complying with this order;

28    6.    For interest accrued to date under Civil Code §§ 3287, 3288, and/or and other

EXHIBIT B
Page 17 of 19

1 | applicable provision providing for prejudgment interest;

2 |     7.    For an award of reasonable attorneys' fees, costs, and expenses, under the California

3 | Fair Employment and Housing Act, California Government Code § 12965, Civil Code § 425.16,

4 | California Labor Code § 98.7(c), and all other applicable statutes providing for attorneys' fees and

5 | costs; and

6 |     8.    For such other relief as the Court may deem just and proper.

7 |                     Respectfully submitted,

DATED: December 4, 2019

8 | **MATERN LAW GROUP, PC**

10 | By:

12 | Matthew J. Matern
Joshua D. Boxer
13 | Corey B. Bennett
Elizabeth A. Medrano
14 | Attorneys for Plaintiff
ROBERT DAVID JAEKEL

-18-
COMPLAINT

EXHIBIT B
Page 18 of 19

1

## DEMAND FOR JURY TRIAL

2      PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

4      DATED: December 4, 2019

Respectfully submitted,

5      **MATERN LAW GROUP, PC**

6

7      By:

8      _____

9      Matthew J. Matern
       Joshua D. Boxer
10     Corey B. Bennett
       Elizabeth A. Medrano
11     Attorneys for Plaintiff
       ROBERT DAVID JAEKEL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-

COMPLAINT

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Matthew J. Matern; Joshua D. Boxer; Corey B. Bennett   SBN: 159798; 226712; 267816
Matern Law Group, PC
1230 Broadway, Suite 428, Oakland, CA 94612
TELEPHONE NO.: (510) 227-3998     FAX NO.: (310) 531-1901
ATTORNEY FOR *(Name):* Robert David Jaekel

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102-4515
BRANCH NAME: Civic Center Courthouse

CASE NAME: Jaekel vs. AYTU Bioscience, Inc., et al.

FILED
San Francisco County Superior Court
DEC 04 2019
CLERK OF THE COURT
BY _____
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-19-581302<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: December 4, 2019

Corey B. Bennett
(TYPE OR PRINT NAME)
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

EXHIBIT C
Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT C
Page 2 of 2

# EXHIBIT D

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**    **MAY-06-2020**

**TIME:**    **10:30AM**

**PLACE:**    **Department 610**
             **400 McAllister Street**
             **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# EXHIBIT E



### Superior Court of California, County of San Francisco
### Alternative Dispute Resolution
### Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

<u>**Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint****</u>

**WHAT ARE THE ADR OPTIONS?**

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3)  ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication  that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule  4.1 allows  for mediation  in lieu of judicial arbitration,  so long  as the parties file a stipulation  to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be  resolved  through private   arbitration. Here,  the parties  voluntarily consent  to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties  select  a private  arbitrator and  are  responsible for  paying  the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.   THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

EXHIBIT E
Page 3 of 3

# EXHIBIT F

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ |
|---|---|
| | DEPARTMENT 610 |

**1)  The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐  **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐  **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐  **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐  **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐  **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐  **Other ADR process** (describe) _____

**2)  The parties agree that the ADR Process shall be completed by (date):** _____

**3)  Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____   _____
Name of Party Stipulating                               Name of Party Stipulating

_____   _____
Name of Party or Attorney Executing Stipulation      Name of Party or Attorney Executing Stipulation

_____   _____
Signature of Party or Attorney                          Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant      ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____                                Dated: _____

☐  *Additional signature(s) attached*

ACR-2  10/18          STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

# EXHIBIT G

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Corey Bennett, 267816<br>Matern Law Group PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA 90266<br>TELEPHONE NO.: (310) 531-1900<br>ATTORNEY FOR *(Name):* Plaintiff | ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**12/20/2019**<br>**Clerk of the Court**<br>**BY: DAVID YUEN**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Francisco County
400 McAllister Street
San Francisco, CA 94102

| PLAINTIFF/PETITIONER: Robert David Jaekel | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Aytu Bioscience, Inc. et al. | CGC-19-581302 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   Summons, Complaint, Civil Case Cover Sheet, Instructions on how to Complete the Cover Sheet, Alternative Dispute Resolution Information Package, Stipulation to Alternative Dispute Resolution, Notice to Plaintiff

3. a. Party served:  AYTU BIOSCIENCE, INC., a Delaware corporation.

   b. Person Served: Lynanne Gares, Litigation Management Services Leader-CSC - Person Authorized to Accept
4. Address where the party was served:  251 Little Falls Dr.

   Wilmington, DE 19808
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 12/16/2019        (2) at  (time): 2:30PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:


AYTU BIOSCIENCE, INC., a Delaware corporation.
under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:       McKenna Touey
   b. Address:    One Legal - 194-Marin
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 30.00
   e I am:
      (1) Not a registered California process server.


8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Date: 12/18/2019

McKenna Touey
(NAME OF PERSON WHO SERVED PAPERS)                         (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**           Code of Civil Procedure, § 417.10

OL# 14160449

EXHIBIT G
Page 1 of 1

# EXHIBIT H

1  JASON A. GELLER (SBN 168149)
   Email:  jgeller@fisherphillips.com
2  VINCENT J. ADAMS (SBN 249696)
   Email:  vadams@fisherphillips.com
3  FISHER & PHILLIPS, LLP
   One Embarcadero Center, Suite 2050
4  San Francisco, California 9 4111
   Telephone:  (415) 490-9000
5  Facsimile:   (415) 490-9001
6

7  Attorneys for Defendants
   AYTU BIOSCIENCE, INC., JOSH DISBROW,
8  and JARRETT DISBROW

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11            IN AND FOR THE COUNTY OF SAN FRANCISCO

12  ROBERT DAVID JAEKEL, an individual,       Case No:  CGC-19-581302

13            Plaintiff,

14       vs.                               **ANSWER OF DEFENDANTS AYTU
                                           BIOSCIENCE, INC., JOSH DISBROW,
15  AYTU   BIOSCIENCE,   INC.,  a  Delaware   AND JARRETT DISBROW TO
    corporation; JOSH DISBROW, an individual;   PLAINTIFF'S COMPLAINT**
16  JARRETT  DISBROW,  an  individual;  RICK
    NORD, an individual; and DOES 1 through
17  50, inclusive,
18
            Defendants.
19                                         Action Filed:   December 4, 2019
20                                         Trial Date:     None Set
21
22
23
24
25
26
27
28

Defendants AYTU BIOSCIENCE, INC., JOSH DISBROW, and JARRETT DISBROW (collectively "Defendants") hereby answer the unverified Complaint filed by Plaintiff ROBERT DAVID JAEKEL ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California *Code of Civil Procedure* § 431.30(d), Defendants deny generally and specifically the allegations of Plaintiff's unverified Complaint. Defendants further generally deny that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendants or any of its past or present agents, representatives, or employees. Without admitting any facts alleged by Plaintiff, Defendants also plead the following separate and affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

1.      This Court lacks subject matter jurisdiction to adjudicate this action because all disputes arising out of or related to Plaintiff's employment are subject to Plaintiff's agreement to submit such disputes to binding individual contractual arbitration, and any contrary state laws operating to defeat such arbitration are preempted by the Federal Arbitration Act, 9 U.S.C. section 1, *et seq.*

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendants.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's Complaint and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to California *Code of Civil Procedure* Sections 335.1, 338, and 340, subdivision (a), and/or California *Government Code* Sections 12960 and 12965.

///

///

///

ANSWER OF DEFENDANTS AYTU BIOSCIENCE, INC., JOSH DISBROW,
AND JARRETT DISBROW TO PLAINTIFF'S COMPLAINT

EXHIBIT H
Page 2 of 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH AFFIRMATIVE DEFENSE**

4.    Plaintiff's Complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California *Labor Code* Section 3601, *et seq.*

**FIFTH AFFIRMATIVE DEFENSE**

5.    If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

6.    Plaintiff is estopped by his conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    By his conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    Plaintiff's claims are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

9.    Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

**TENTH AFFIRMATIVE DEFENSE**

10.    Plaintiff's claims are barred under the doctrine of collateral estoppel and res judicata.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    The acts of the other named Defendants of which Plaintiff complains were all undertaken outside the scope of their agency and/or employment with these answering Defendants and without the knowledge or consent of these answering Defendants and these answering Defendants may not be held liable therefor.

3

1

### TWELFTH AFFIRMATIVE DEFENSE

2

12.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or

3

injury, they were the result of a pre-existing psychological disorder or alternative concurrent

4

cause, and not the result of any act or omission of Defendants.

5

### THIRTEENTH AFFIRMATIVE DEFENSE

6

13.     Plaintiff's claims are barred because Plaintiff's term of employment was

7

terminable at will, with or without cause, pursuant to California *Labor Code* Section 2922.

8

### FOURTEENTH AFFIRMATIVE DEFENSE

9

14.      Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative

10

remedies and/or internal grievance procedures.

11

### FIFTEENTH AFFIRMATIVE DEFENSE

12

15.     There existed legitimate, non-discriminatory, and non-retaliatory reasons for the

13

alleged acts of Defendants of which Plaintiff complains.

14

### SIXTEENTH AFFIRMATIVE DEFENSE

15

16.     Plaintiff's claims are barred because his perception of conduct alleged to

16

constitute harassment was not reasonable.

17

### SEVENTEENTH AFFIRMATIVE DEFENSE

18

17.     Plaintiff's claims are barred because alleged incidents of harassment were not

19

sufficiently severe or pervasive so as to alter the terms and conditions of Plaintiff's employment

20

and create an abusive work environment.

21

### EIGHTEENTH AFFIRMATIVE DEFENSE

22

18.     Defendants exercised reasonable care to prevent and promptly correct any

23

allegedly harassing behavior.

24

### NINETEENTH AFFIRMATIVE DEFENSE

25

19.     Plaintiff unreasonably failed to take advantage of any preventive or corrective

26

opportunities provided by Defendants or to avoid harm otherwise.

27

///

28

///

4

ANSWER OF DEFENDANTS AYTU BIOSCIENCE, INC., JOSH DISBROW,
AND JARRETT DISBROW TO PLAINTIFF'S COMPLAINT

1

### TWENTIETH AFFIRMATIVE DEFENSE

2    20.    Plaintiff's reasonable use of Defendants' procedures to prevent and/or correct the

3  allegedly harassing behavior would have prevented all or some of the alleged harm he claims to

4  have suffered.

5

### TWENTY-FIRST AFFIRMATIVE DEFENSE

6    21.    Plaintiff's claims are barred because the actions complained of were protected by

7  the free speech provisions of the First Amendment to the United States Constitution.

8

### TWENTY-SECOND AFFIRMATIVE DEFENSE

9    22.    Plaintiff's claims are barred because all allegedly defamatory statements were

10  truthful.

11

### TWENTY-THIRD AFFIRMATIVE DEFENSE

12    23.    Plaintiff's claims are barred because all allegedly defamatory statements were

13  privileged communications made without malice.

14

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

15    24.    Plaintiff's claims are barred because the Complaint does not state facts sufficient

16  to constitute a cause of action against Defendants for defamation as it fails to allege that

17  Defendants broadcast the allegedly defamatory statements with knowledge of their falsity or with

18  reckless disregard of the truth.

19

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

20    25.    Plaintiff's claims are barred the Complaint does not state facts sufficient to

21  constitute a cause of action against Defendants for defamation in that the statements alleged relate

22  to a matter of public concern and Plaintiff failed to adequately allege that those statements

23  concerning him caused Plaintiff any actual injury.

24

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

25    26.    Plaintiff was paid all wages due him on a timely basis.

26

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27    27.    Plaintiff's claims for waiting time penalties pursuant to California *Labor Code*

28  § 203 are barred because Defendants did not willfully withhold wages over which there was no

5

EXHIBIT H
Page 5 of 8

good faith dispute and in fact, acted at all times with the good faith belief that plaintiff was compensated as required by law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     At all times Defendants were acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

### THIRTIETH AFFIRMATIVE DEFENSE

30.     Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendants on the grounds that any award of punitive or exemplary damages would violate Defendants' constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Plaintiff's claim for punitive damages fails to state facts sufficient to obtain such damages against Defendants.  (*See* Cal. *Civil Code* § 3294.)  This includes, but is not limited to, Plaintiff's failure to plead facts sufficient to support allegations of malice, oppression, or fraud. In addition, and independently, to the extent Plaintiff's claims for punitive damages rely upon alleged acts by alleged agents of Defendants purportedly imputed to Defendants, the limitations inherent in general agency principles and/or in case law interpreting *Civil Code* § 3294 prohibit such recovery.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Defendant expressly reserves the right to amend its answer and to assert additional affirmative defenses, and to supplement, alter or change its answer and affirmative defenses upon

6

EXHIBIT H
Page 6 of 8

revelation of more definitive facts by Plaintiff and upon Defendants' undertaking of discovery and investigation of this matter.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE**, this answering Defendants pray as follows:

1.      That Plaintiff take nothing by way of the Complaint;

2.      That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3.      That Defendants recover their costs of suit herein, including its reasonable attorneys' fees; and

4.      That the Court award such other and further relief as it deems appropriate.


Dated: January 13, 2020                          Respectfully submitted,

                                                 FISHER & PHILLIPS, LLP

                                        By: _____
                                                 JASON A. GELLER
                                                 VINCENT J. ADAMS
                                                 Attorneys for Defendant
                                                 AYTU BIOSCIENCE, INC., JOSH DISBROW,
                                                 and JARRETT DISBROW

ANSWER OF DEFENDANTS AYTU BIOSCIENCE, INC., JOSH DISBROW,
AND JARRETT DISBROW TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE
### (C.C.P. §§ 1011, 1013, 1013(a) and 2015.5; Cal. Rules of Court, rule 2.306 and 2.251)
*Robert David Jaelkel v. Aytu BioScience, Inc., et al., Case No.: CGC-19-581302*

I am employed in the County of San Francisco, State of California in the office of a member of the bar of this Court whose direction the following service was made. I am over the age of 18 and am not a party to this action. My business address is One Embarcadero Center, Suite 2050, San Francisco, California.

On the date set forth below, I served the foregoing document entitled: **ANSWER OF DEFENDANTS AYTU BIOSCIENCE, INC., JOSH DISBROW, AND JARRETT DISBROW TO PLAINTIFF'S COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Matthew J. Matern | ***Attorneys for Plaintiff Robert David Jaekel*** |
| Joshua D. Boxer | |
| Matern Law Group, PC | Telephone: (310) 531-1900 |
| 1230 Rosecrans Avenue, Suite 200 | Facsimile: (310) 531-1901 |
| Manhattan Beach, CA 90266 | Email: mmatern@maternlawgroup.com |
| | Email: jboxer@maternlawgroup.com |
| | |
| Corey B. Bennett | ***Attorneys for Plaintiff Robert David Jaekel*** |
| Elizabeth A. Medrano | |
| Matern Law Group, PC | Telephone: (510) 227-3998 |
| 1330 Broadway, Suite 428 | Facsimile: (310) 531-1901 |
| Oakland, CA 94612 | Email: cbennett@maternlawgroup.com |
| | Email: emedrano@maternlawgroup.com |

☒ **[VIA UNITED STATES MAIL]** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco California, in a sealed envelope with postage fully prepaid.

☒ **[VIA E-SERVE]** I certify that on the date below, I electronically served the above document with the Court using File & ServeXpress which will send notification of such filing to the designated recipients as stated above and on the Transaction Receipt located on the File & ServeXpress website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 13, 2020 at San Francisco, California.

Leah I. Wahlberg                        By: _____
Print Name                                             Signature

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California in the office of a member of the bar of this Court whose direction the following service was made. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111-3712.

On the date set forth below, I served the foregoing document entitled: **APPENDIX OF STATE COURT PLEADINGS** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Matthew J. Matern<br>Joshua D. Boxer<br>Matern Law Group, PC<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, CA  90266 | ***Attorneys for Plaintiff Robert David Jaekel***<br><br>Telephone:  (310) 531-1900<br>Facsimile:   (310) 531-1901<br>Email:  mmatern@maternlawgroup.com<br>Email:  jboxer@maternlawgroup.com |
| Corey B. Bennett<br>Elizabeth A. Medrano<br>Matern Law Group, PC<br>1330 Broadway, Suite 428<br>Oakland, CA  94612 | ***Attorneys for Plaintiff Robert David Jaekel***<br><br>Telephone:  (510) 227-3998<br>Facsimile:   (310) 531-1901<br>Email:  cbennett@maternlawgroup.com<br>Email:  emedrano@maternlawgroup.com |

☒ **[VIA FEDEX]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[VIA UNITED STATES MAIL]** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco California, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct. Executed on January 15, 2020 at San Francisco, California.

| | |
|---|---|
| _____<br>Leah I. Wahlberg<br><span style="font-size:smaller">Print Name</span> | By: _____<br><span style="font-size:smaller">Signature</span> |

09628.0352

---