UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DAVID JAEKEL,<br><br>    Plaintiff,<br><br>    v.<br><br>AYTU BIOSCIENCE, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-00340-TSH<br><br>**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 31 |

## I.    INTRODUCTION

Pending before the Court is a Motion for Summary Judgment or, in the Alternative, for Summary Adjudication ("Motion for Summary Judgment") filed by Defendants Aytu Bioscience, Inc. ("Aytu"), Jarrett Disbrow, and Josh Disbrow (collectively "Defendants"). ECF No. 31. On July 21, 2022, Plaintiff Robert Jaekel filed an Opposition. ECF No. 33. On July 28, 2022, Defendants filed a Reply. ECF No. 34. The Court finds this matter suitable for disposition without oral argument and **VACATES** the August 11, 2022 hearing. *See* Civ. L. R. 7-1(b). Having considered the arguments made, the papers submitted in support thereof, and the record in this case, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Summary Judgment.[1]

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 15 at 10.

## II. BACKGROUND[2]

### A. Factual Background

In May 2016, Aytu hired Plaintiff Robert Jaekel as a Sales Manager, which required Jaekel to sell ProstaScint and Natesto drugs in the United States. ECF No. 33-1, P's Reply SUR[3] Nos. 1, 3, 5. Within a year of his employment, Jaekel became a Regional Area Sales Manager and was responsible for hiring and training. *Id*. Nos. 5-6.

In October 2017, Jaekel called his manager and expressed concerns over selling expired ProstaScint. ECF No. 33-3, Jaekel Depo. (Exh. A) at 160: 13-25. Jaekel also reported another employee's alleged forgery in late 2017. P's Reply SUR No. 32. On January 1, 2018, Jaekel's role changed from Regional Area Sales Manager to sales manager with no alteration to Jaekel's base salary. *Id*. No. 17.

After the role change, on approximately August 10, 2018, Jaekel reported an incident involving an employee grabbing the crotch of another employee. ECF Nos. 33-3, Jaekel Depo. (Exh. A) at 171: 4-23; 33-18, Porter August 10, 2018 Email (Exh. P). On October 4, 2019, Jaekel filed a complaint with the Labor Commissioner regarding unpaid mileage, commissions, and stock. P's Reply SUR No. 44. On October 28, 2019, Jaekel's employment with Aytu was terminated. *Id*. No. 58.

### B. Procedural Background

On December 4, 2019, Jaekel filed the instant action against Defendants Aytu, Josh Disbrow, Jarrett Disbrow, Rick Nord, and DOES 1-50 in San Francisco Superior Court. ECF No. 1-5, Complaint (Exh. B). The complaint alleged the following causes of action: 1) Whistleblower Retaliation (against all Defendants), 2) Retaliation (against all Defendants), 3) Failure to Take Steps Necessary to Prevent Sexual Harassment or Retaliation (against Aytu), 4) Retaliation (against Aytu), 5) Wrongful Termination in Violation of Public Policy (against Aytu), 6) Defamation (against Josh Disbrow and Jarrett Disbrow), 7) Intentional Infliction of Emotional Distress (IIED) (against all Defendants), and 8) Failure to Pay All Wages Due to Discharged

---

[2] The following facts are undisputed unless otherwise stated.
[3] This document includes Defendants' separate statement of material facts and Jaekel's responses.

1    Employees (against Aytu, Josh Disbrow, and Jarrett Disbrow).  *Id*.  ¶¶ 47-100.  On January 15,
2    2020, Defendants removed the action to federal court.  ECF No. 1.  On April 14, 2022, Jaekel
3    dismissed Defendant Nord from the action.  ECF No. 13.
4        On July 7, 2022, Defendants filed a Motion for Summary Judgment.  ECF No. 31.  On July
5    21, 2022, Plaintiff Robert Jaekel filed an Opposition.  ECF No. 33.  On July 28, 2022, Defendants
6    filed a Reply.  ECF No.  34.

### III.  LEGAL STANDARD

8        Summary judgment is proper where the pleadings, discovery and affidavits demonstrate
9    that there is "no genuine dispute as to any material fact and [that] the movant is entitled to
10   judgment as a matter of law."  FED. R. CIV. P. 56(a).  The party moving for summary judgment
11   bears the initial burden of identifying those portions of the pleadings, discovery and affidavits that
12   demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.
13   317, 323 (1986).  Material facts are those that may affect the outcome of the case.  *Anderson v.*
14   *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
15       Once the moving party has met its burden, the burden shifts to the non-moving party to
16   "designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp.*, 477 U.S.
17   at 317.  To carry this burden, the non-moving party must "do more than simply show there is some
18   metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*
19   *Corp.*, 475 U.S. 574, 586 (1986).  The opposing party must set forth specific facts showing that
20   there is some genuine issue for trial in order to defeat the motion.  FED. R. CIV. P. 56(e); *Anderson*,
21   477 U.S. at 250.  "The mere existence of a scintilla of evidence . . . will be insufficient; there must
22   be evidence on which the jury could reasonably find for the [nonmoving party]."  *Anderson*, 477
23   U.S. at 252.
24       The Court must view the evidence in the light most favorable to the nonmoving party and
25   draw all justifiable inferences in its favor.  *Id*. at 255.  "Credibility determinations, the weighing of
26   the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those
27   of a judge."  *Id*.  However, it is not the Court's task to scour the record in search of a genuine issue
28   of triable fact.  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The Court "rel[ies] on the

1 nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Id*. Thus, the Court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotations omitted).

## IV.   DISCUSSION

Defendants move for summary judgment on all of Jaekel's claims. ECF No. 31. The Court addresses each cause of action accordingly.

### A.   First Cause of Action: Whistleblower Retaliation (Cal. Lab. Code § 1102.5(b))

"Section 1102.5 provides whistleblower protections to employees who disclose wrongdoing to authorities." *Lawson v. PPG Architectural Finishes, Inc.,* 12 Cal. 5th 703, 709 (2022). "An employer . . . shall not retaliate against an employee for disclosing information . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation . . . ." Cal. Lab. Code § 1102.5(b). To prevail on a claim of whistleblower retaliation, the plaintiff must establish, "by a preponderance of the evidence, that retaliation for an employee's protected activities was a contributing factor in a contested employment action." *Lawson*, 12 Cal. 5th at 718 (citing Cal. Lab. Code § 1102.6). "Once the plaintiff has made the required showing, the burden shifts to the employer to demonstrate, by clear and convincing evidence, that it would have taken the action in question for legitimate, independent reasons even had the plaintiff not engaged in protected activity." *Id*.

Defendants argue Jaekel fails to demonstrate (1) he engaged in a protected activity, (1) a causal link between Jaekel's complaints and an adverse employment action, and (3) pretext. ECF No 31 at 13-15.

4

### 1. Protected Activity

Defendants argue that there is no evidence Jaekel engaged in a protected activity. ECF No. 31 at 14. Jaekel argues his complaints regarding expired ProstaScint, forgery, mileage and commission violations, and sexual assault constitute protected activity. ECF No. 33 at 22.

"An employee engages in protected activity when the employee discloses reasonably based suspicions of illegal activity." *Ross v. County of Riverside*, 36 Cal. App. 5th 580, 592 (2019) (simplified). "To have a reasonably based suspicion of illegal activity, the employee must be able to point to some legal foundation for his suspicion—some statute, rule or regulation which may have been violated by the conduct he disclosed." *Id*. (citing *Fitzgerald v. El Dorado County* 94 F. Supp. 3d 1155, 1172 (E.D. Cal. 2015)).

Here, Jaekel's argues his October 2017 complaints of expired ProstaScint and forgery contributed to his January 1, 2018 demotion to Sales Manager. Jaekel testified that, in October 2017, he saw ProstaScint appear foggy and called his manager to discuss the foggy ProstaScint. ECF No. 33-3 Jaekel Depo. (Exh. A) at 160: 13-25. The manager told Jaekel that the ProstaScint was short dated and Aytu will extend the expiration date for the product. *Id*. at 161:1-4. Jaekel then questioned whether the company had FDA approval, and the manager told Jaekel "not exactly." *Id*. at 161:4-8. Moreover, Jaekel testified that his review of company receipts revealed forgery by another Aytu employee and Jaekel reported the forgery to the Director of Sales Performance. ECF No. 33-3, Jaekel Depo. (Exh. A) at 166:9-25, 167:9-14. Jaekel's suspicions were based on fraud and FFDCA violations. ECF No. 33 at 22. The Court finds this evidence sufficient to establish a genuine dispute over whether Jaekel engaged in a protected activity contributing to his demotion. *See Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097 (9th Cir. 2008) ("Mendiondo engaged in protected activity if she reasonably believed that CHMC was possibly committing fraud against the government, and she investigated the possible fraud"); *United States v. Porifera Inc.*, No. 19-cv-765-HSG, 2022 WL 2158967, at *5 (N.D. Cal. June 15, 2022) (finding plaintiff engaged in protected activity where the plaintiff "presented evidence that he looked into and raised concerns that Porifera was intentionally changing timesheets to bill work

1  to government projects that employees did not actually perform, thus defrauding the
2  government.").

3  Regarding Jaekel's October 28, 2019 termination, Jaekel testified that he did not receive
4  commission for 75 out of 108 "scripts," reported the issue to his manager and "anybody who
5  would listen to [him]," and continued to investigate the unpaid commissions after his initial report.
6  ECF No. 31-3, Jaekel Depo (Exh. A) at 179:3-25, 180:4-15. Jaekel presented evidence that his
7  unpaid commissions complaints were made to Aytu around February 22, 2019. ECF No. 33-19,
8  Disbrow February 22, 2019 email (Exhibit Q). Jaekel's complaints ultimately resulted in a
9  complaint with the Labor Commissioner on October 3, 2019. ECF No. 31-3, Jaekel Depo (Exh.
10 A) at 105:19-25, 106:1-14, 178:8-10. Based on this evidence, the Court finds a reasonable jury
11 could find that these complaints constitute protected activity. *See Ochoa v. Santa Clara County*
12 *Office of Education*, No. 16-cv-3283-HRL, 2017 WL 2423183, at *9 (N.D. Cal. June 5, 2017)
13 ("Under Section 1102.5, a plaintiff does not need to name the specific statute she thinks has been
14 violated; it is enough that she disclose 'what she has reasonable cause to believe is a violation of a
15 state or federal statute.'") (internal citation and quotations omitted).

16 **2.   Causation**

17 Defendants next argue that Jaekel's complaints lack temporal proximity to an adverse
18 employment action. ECF No. 31 at 14.

19 The Court disagrees. "To prevail at trial, [Jaekel] must show that [his] protected
20 disclosures were a contributing factor in [his] termination—not that they were 'the only factor.'"
21 *Kirkpatrick v. City of Oakland, California*, No. 20-cv-5843-JSC, 2022 WL 1032446, at *5 (N.D.
22 Cal. Apr. 6, 2022) (citing *Lawson*, 12 Cal. 5th at 717). As discussed above, Jaekel's role changed
23 from Regional Sales Manager to Sales Manager on January 1, 2018—approximately three months
24 after he reported his concerns over expired ProstaScint and forgery in October 2017. Jaekel also
25 presented evidence that his employment was terminated within eight months of his complaint to
26 Aytu regarding unpaid commissions. Viewing the evidence in the light most favorable to Jaekel
27 and drawing all justifiable inferences in Jaekel's favor, the Court finds a reasonable jury could find
28 that Jaekel's complaints contributed to his demotion and employment termination. *See Flores v.*

6

*City of Westminister*, 873 F.3d 739, 750 (9th Cir. 2017) ("[D]epending on the circumstances, three to eight months is easily within a time range that can support an inference of retaliation.") (internal citation and quotation omitted); *Kerr v. City and County of San Francisco*, No. 10-cv-5733, 2012 WL 3877752, at * 14 (N.D. Cal. Sept. 6, 2012) ("This time frame of three to four months is close enough to support an inference of causation based on temporal proximity.")

### 3. Pretext

Defendants argue Jaekel failed to establish evidence of pretext. ECF No. 31 at 15.

However, "under section 1102.6, a plaintiff does not need to show that the employer's nonretaliatory reason was pretextual." *Lawson*, 12 Cal. 5th at 716-17. The Court **DENIES** Defendants' Motion for Summary Judgment as to Jaekel's first cause of action for whistleblower retaliation.

## B.   Second Cause of Action: Retaliation (Cal. Lab. Code § 98.6)

Defendants argue Jaekel failed to demonstrate he engaged in a protected activity under California Labor Code § 98.6. ECF No. 31 at 16. Defendants further argue Jaekel cannot show a causal link between a protected activity and termination. *Id*.

The Court disagrees. Defendants ignore the language of California Labor Code § 98.6, which states:

> A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because . . . the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner [or] made a written or oral complaint that he or she is owed unpaid wages . . . .

Cal. Lab. Code § 98.6(a); *see St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 307 (2019) ("Section 98.6 of the Labor Code prohibits discharging an employee for filing a bona fide complaint or claim relating to her rights under the jurisdiction of the Labor Commissioner."). As discussed above, Jaekel presented evidence that he made a complaint to Aytu regarding unpaid commissions and that Jaekel was terminated within eight months of his complaint. *See supra* Section IV(A)(1)-(2); *see also Garcia-Brower v. Premier Automotive Imports of CA, LLC.*, 55

1  Cal. App. 5th 961, 977 (2020) ("To establish a prima facie violation of section 98.6, the

2  Commissioner was required to demonstrate that Molina engaged in protected activity, that Premier

3  subjected her to an adverse employment action, and that Molina's protected activity substantially

4  motivated Premier's adverse employment action."). The Court **DENIES** Defendants' Motion for

5  Summary Judgment as to Jaekel's second cause of action for retaliation.

6  **C.     Third Cause of Action: Failure to Take Steps Necessary to Prevent Sexual Harassment or Retaliation (Cal. Gov't Code § 12940(k))**

7

8  Defendants request summary judgment on Jaekel's claims of failure to take steps necessary

9  to prevent sexual harassment or retaliation because Jaekel has no viable Fair Employment and

10 Housing Act ("FEHA") or retaliation claims. ECF No. 31 at 17-18.

11 However, as discussed throughout this order, the Court finds Jaekel has presented

12 sufficient evidence to establish a triable issue of fact as to his FEHA and retaliation claims. *See*

13 *supra* Section IV(A); *infra* Section IV(D). The Court **DENIES** Defendants' Motion for Summary

14 Judgment as to Jaekel's third cause of action for failure to take steps necessary to prevent sexual

15 harassment or retaliation.

16 **D.     Fourth Cause of Action: Retaliation (Cal. Gov't Code § 12940(h))**

17 Defendants argue Jaekel did not engage in a FEHA protected activity. ECF No. 31 at 18.

18 "FEHA prohibits employers from retaliating against employees for opposing any of the

19 practices the Act makes unlawful." *Storms v. County of Monterey,* 2022 WL 2070941, at * 10

20 (N.D. Cal. June 8, 2022) (citing Cal. Gov. Code § 12940(h). Here, Jakel testified that he

21 witnessed another employee grab the crotch of another employee and that he subsequently

22 reported the incident to senior officials. ECF Nos. 33-3, Jaekel Depo. (Exh. A) at 171: 4-23; 33-

23 18, Porter August 10, 2018 Email (Exh. P). This evidence is sufficient to create a triable issue of

24 fact as to whether Jaekel engaged in a protected activity under FEHA. *See Gringeri v. Lynch,*

25 Case No. 08-cv-3453-JW, 2009 WL 10710476, at *6 (N.D. Cal. Nov. 17, 2009) ("The Court finds

26 that Plaintiff's evidence that he reasonably believed that . . . a male employee, was treating . . . a

27 female employee, in an abusive and discriminatory fashion, and reported his concerns to a

28 manager, is sufficient to create a triable issue of fact as to whether Plaintiff engaged in protected

United States District Court
Northern District of California

activity under FEHA."). The Court **DENIES** Defendants' Motion for Summary Judgment as to Jaekel's fourth cause of action for Retaliation.

### E.     Fifth Cause of Action: Wrongful Termination in Violation of Public Policy

Defendants argue Jaekel failed to demonstrate Aytu's decision makers were aware of Jaekel's complaints. ECF No 31 at 18. However, as discussed above, Jaekel has presented sufficient evidence to raise a triable issue of fact as to whether Defendants retaliated against Jaekel. *See United States v. Porifera Inc*., No. 19-cv-765-HSG, 2022 WL 2158967, at *6 (N.D. Cal. June 15, 2022) ("Plaintiff has provided sufficient evidence to establish at least one triable issue of fact as to his retaliation claims. The same evidence precludes summary judgment on his claim for wrongful termination in violation of public policy."). The Court **DENIES** Defendants' Motion for Summary Judgment as to Jaekel's fifth cause of action for wrongful termination in violation of public policy.

### F.     Sixth Cause of Action: Defamation

Defendants move for summary judgment on Jaekel's defamation claims. ECF No 31 at 18-19. Jaekel does not oppose summary judgment. ECF No. 33 at 7. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Jaekel's sixth cause of action for defamation.

### G.     Seventh Cause of Action: IIED

Defendants argue that there is no evidence of malice, oppression, or a conscious disregard for Jaekel's wellbeing. ECF No. 31 at 20. Jaekel argues he has met his burden of establishing a triable issue of fact because of his former status as an Aytu employee and his testimony regarding anxiety, depression, and panic attacks. ECF 33 at 27

To support a claim for IIED, a plaintiff must show the following elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co*., 6 Cal. 4th 965, 1001 (Cal. Ct. App. 1993) (internal quotations omitted).

Given the Court's prior findings regarding Jaekel's retaliation claims, the Court finds a reasonable jury could find in favor of Jaekel on his IIED claim. *See Maridon v. Comcast Cable Communications Management, LLC*, No. 12-cv-2109-EMC, 2014 WL 117103, at *2 (N.D. Cal. Jan. 13, 2014) ("As to Plaintiff's intentional infliction of emotional distress claim . . . The Court treats this claim as co-extensive with her harassment claims."); *Doe v. City and County of San Francisco*, 835 F. Supp. 2d 762, 773 (N.D. Cal. 2011) ("[I]t is established that a plaintiff may allege both employment discrimination and the additional injury of intentional infliction of emotional distress."); *cf. Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 605 (1989) ("The FEHA establishes a comprehensive scheme for combating employment discrimination. As a matter of public policy, the FEHA recognizes the need to protect and safeguard the right and opportunity of all persons to seek and hold employment free from discrimination. [The Supreme Court] has declared that policy to be fundamental.") (internal citations and quotations omitted).

The Court **DENIES** Defendants' Motion for Summary Judgment as to Jaekel's seventh cause of action for IIED.

**H.      Eighth Cause of Action: Failure to Pay All Wages Due to Discharged Employee (Cal. Labor Codes §§ 201, 202, 203, 558, 558.1)**

Defendants move for summary judgment on Jaekel's eighth cause of action, failure to pay all wages to discharged employee. ECF No 31 at 8. However, Defendants fail to provide any briefing or caselaw in support of their argument. Accordingly, the Court **DENIES** Defendants' Motion for Summary Judgment as to Jaekel's eighth cause of action for failure to pay all wages due to discharged employee.

**I.      Punitive Damages**

Defendants move for summary judgment on Jaekel's request for punitive damages and argue Jaekel failed to present evidence that an officer, director, or managing agent of Aytu personal committed acts of oppression. ECF No. 31 at 20-21.

To state a claim for punitive damages, a plaintiff must show "by clear and convincing evidence that the defendant is guilty of fraud, oppression or malice." Cal. Civ. Code § 3294(a).

10

To establish punitive damages against an employer, a plaintiff must show that an "officer, director, or managing agent of the corporation" (1) had "advance knowledge of the unfitness of the employee [accused of wrongdoing] and employed him or her with a conscious disregard of the rights or safety of others" or (2) "authorized or ratified the wrongful conduct for which the damages are awarded" or (3) engaged in "oppression, fraud, or malice." Cal. Civ. Code § 3294(b).

As stated above, the Court has found Jaekel presented sufficient evidence to demonstrate Defendants were aware of Jaekel's complaints and to support an inference that Defendants may have acted for a retaliatory purpose. The issue of oppression, fraud, or malice should be decided by a jury. *See Rodriguez v. Home Depot, U.S.A. Inc*., No. 16-cv-1945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) ("The amount in controversy may include punitive damages when they are recoverable as a matter of law. . . Punitive damages are available . . . for wrongful termination in violation of public policy and violations of Labor Code section 1102 . . . As is the case for emotional distress damages[.]"); *Beagle v. Rite Aid Corp.*, No. 08-cv-1517-PJH, 2009 WL 3112098, at *16 (N.D. Cal. Sept. 23, 2009) ("Punitive damages are available under FEHA.") Accordingly, the Court **DENIES** Defendants' Motion for Summary Judgment as to Jaekel's request for punitive damages. *See Perugini v. Univar USA Inc.*, No. 15-cv-3723-YGR, 2016 WL 4269963, at *5 (N.D. Cal. Aug. 15, 2016) ("[S]ummary judgment on the issue of punitive damages is proper only when no reasonable jury could find the plaintiff's evidence to be clear and convincing proof of malice, fraud or oppression.") (internal citations and quotations omitted); *Ferretti v. Pfizer Inc.*, No. 11-cv-4486-LK, 2013 WL 14088, at *23 (N.D. Cal. Jan. 10, 2013) (denying summary judgment to punitive damages because "Plaintiff has presented sufficient evidence . . . (1) to show that both Ms. Stuart–Smith and Ms. Xu had knowledge that Plaintiff had refused to participate in illegal conduct, and (2) to support an inference that these individuals may have acted for a retaliatory purpose."); *Beagle*, 2009 WL 3112098 at *16 (denying summary judgment to punitive damages because "as indicated above, triable issues remain as to plaintiff's FEHA claims for sexual harassment and failure to prevent harassment.")

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Defendants' Motion for

11

Summary Judgment as to Jaekel's sixth cause of action for defamation and **DENIES IN PART** Defendants' Motion for Summary Judgment as to Jaekel's request for punitive damages and Jaekel's first (Whistleblower Retaliation), second (Retaliation), third (Failure to Take Steps Necessary to Prevent Sexual Harassment or Retaliation), fourth (Retaliation), fifth (Wrongful Termination in Violation of Public Policy), seventh (IIED), and eighth (Failure to Pay All Wages Due to Discharged Employees) causes of action.

**IT IS SO ORDERED.**

Dated: August 10, 2022

THOMAS S. HIXSON
United States Magistrate Judge